# United States District Court

DISTRICT OF __DELAWARE__

REDACTED

UNITED STATES OF AMERICA
V.
URIBE PEREZ-AGUILAR

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-90M

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 16, 2005__ in __Sussex__ county, in the _____ District of __Delaware__ defendant(s) did, (Track Statutory Language of Offense)

knowingly re-enter the United States after having been deported on at least four separate occasions and did not receive consent for admission into the United States by either the Attorney General of the United States of the Undersecretary for the Border and Transportation Security, Department of Homeland Security.

in violation of Title __8__ United States Code, Section(s) __1326(a)__

I further state that I am a(n) __Special Agent, ICE__ and that this complaint is based on the following
                                   Official Title
facts:    AFFIDAVIT ATTACHED

Continued on the attached sheet and made a part hereof:   [X] Yes   [ ] No

*Michael J. Deshaies*
Signature of Complainant
Special Agent Michael Deshaies
Bureau of Immigration & Customs Enforcement

Sworn to before me and subscribed in my presence,

June 16, 2005                         at    Wilmington, Delaware
Date                                        City and State

Honorable Mary Pat Thynge
United States Magistrate Judge              *[signature]*
Name & Title of Judicial Officer             Signature of Judicial Officer

**AFFIDAVIT**

I, Michael J. Deshaies, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware. I have been employed as a Special Agent since October 01, 1997, when the INS employed me. The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based upon information provided by INS/ICE records, National Crime Information Center (NCIC), National Records Center (NRC), FBI records, and my own observations and interviews.

3. On or about June 16, 2005, Dover, DE. ICE Detention and Deportation officers and the Georgetown, DE. Police department were conducting a fugitive operation. During the course of the operation, officers encountered Uribe PEREZ-Aguilar. Georgetown, DE. Officer John Tyndall had previously arrested Uribe Perez Aguilar and knew that he had been determined to be an illegal alien by immigration officers in the past. Officer Tyndall had received information from the U.S. probation office in Wilmington, DE. that Uribe PEREZ-Aguilar would be in violation of probation if he were encountered. ICE Deportation Officer John Rife was in the Georgetown area assisting with the fugitive operation. Officer Rife was able to determine through database indices that Uribe PEREZ-Aguilar was an illegal alien who was previously deported.

4. The INS/ICE alien database records indicate that Uribe PEREZ-Aguilar DOB: 1982, POB: Mexico, was last removed from the United States on April 19, 2005, from Brownsville, Texas to Mexico. Uribe PEREZ-AGUILAR was also removed from the United States to Mexico on August 19, 2003, October 21, 2003, March 17, 2004, and March 30, 2004.

5. On June 16, 2005, ICE Special Agent Michael Deshaies interviewed Uribe PEREZ-Aguilar at the Dover, Delaware ICE office. The subject stated that his true and correct name is Uribe PEREZ-Aguilar who was born                      in Mexico. He stated that he had been deported previously from the United States to Mexico several times, the most recent removal occurred in April of 2005.

6. ICE Special Agent recognized Uribe PEREZ-Aguilar as an illegal alien who was previously convicted of 8 USC 1326 Re-entry After Deportation in the District of Delaware in 2005.

WHEREFORE, your affiant avers that there is probable cause to believe that Uribe PEREZ-Aguilar, a citizen and national of Mexico, was removed by the INS to Mexico on April 19, 2005, August 19, 2003, October 21, 2003, March 17, 2004, and March 30, 2004, and prior to his reembarkation at a place outside the United States, neither the Under Secretary for Border and Transportation Security of the Department of Homeland Security nor the Attorney General of the United States had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326.

*Michael J. Deshaies*

Michael J. Deshaies
Special Agent
U.S. Immigration & Customs Enforcement