Filed In Open Court 9/7/05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. 05-64 |
| v. | ) | And  04-137-KAJ |
| | ) | |
| URIBE PEREZ-AGUILAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Uribe Perez-Aguilar, by and through the defendant's attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall enter a guilty plea to the one count Indictment charging Reentry After Deportation, a violation of Title 8, United States Code, Section 1326(a), which carries a maximum penalty of ten years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment. The defendant also shall enter an admission to the petition charging a violation of supervised release, Criminal Action No. 04-137-KAJ.

2. The elements of Reentry After Deportation are as follows:

   (a) the defendant was deported from the United States;

   (b) after deportation the defendant knowingly returned to the United States;

   (c) the defendant returned to the United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security; and

   (d) at the time the defendant returned to the United States he was not a citizen of the United States.

3. The defendant agrees to pay the $100 special assessment the day of sentencing. Should the defendant fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4. The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court calculate the appropriate sentence under the U.S.S.G. and impose a sentence within the assigned Guideline range.

5. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements

made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Uribe Perez-Aguilar, Defendant

Dated: 9-7-05

AND NOW this 7th day of Sept, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Kent A. Jordan
United States District Court

3